IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nora L Gunnells,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-20-00357-TUC-SHR (EJM)<br><br>**Order Adopting Report & Recommendation** |

　　　　On November 24, 2021, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") in which he recommended the Court remand this matter for further administrative proceedings. (Doc. 29.) The R&R notified the parties they had fourteen (14) days from the date of the R&R to file any objections. No objections have been filed.

　　　　If neither party objects to a magistrate judge's report and recommendation, the District Court is not required to review the magistrate judge's decision under any specified standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the statute for review of a magistrate judge's recommendation "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

　　　　The Court has reviewed Plaintiff's Complaint (Doc. 1), Defendant's Answer (Doc. 18), Plaintiff's Opening Brief (Doc. 20), Defendant's Response (Doc. 27), Plaintiff's Reply (Doc. 28), and Judge Markovich's R&R (Doc. 29). Defendant concedes error and has

moved to remand this matter to an administrative law judge ("ALJ") for further proceedings to: "(1) reevaluate the medical evidence, including, but not limited to, all medical source opinion evidence concerning physical and mental impairments; (2) reconsider whether Plaintiff had severe medically determinable physical or mental impairments; (3) conduct any necessary further proceedings and issue a new decision." (Doc. 27 at 2.) Plaintiff agrees this matter should be remanded for a rehearing, but asks the Court to order the ALJ to: (1) "comply with SSR 85-28 with respect to Ms. Gunnells's medically determinable irritable bowel syndrome"; (2) "obtain a medical opinion from a medical source with relevant expertise in somatoform disorders and conversion disorders"; (3) "comply with SSR 12-2p with respect to Ms. Gunnells's medically determinable fibromyalgia"; (4) not "discount the seriousness of Ms. Gunnells's depression and anxiety on the grounds that Ms. Gunnells's life was not stress free or that she was adversely affected by stressors"; (5) not "reject Dr. Catalano's November 2019 opinions on the ground that Dr. Catalano did not provide a function-by-function assessment of Ms. Gunnells's abilities despite her impairments"; and (6) not "reject Dr. Catalano's November 2019 opinion about off-task time as a conclusory statement on an issue reserved to the Commissioner." (Doc. 28 at 6–7.) That is, the parties' dispute comes down to whether the Court should order the ALJ to correct the specific errors alleged by Plaintiff or simply remand the matter for the ALJ for further proceedings on an open record.

The Court finds the R&R well-reasoned and agrees with Judge Markovich's conclusions that this matter should be remanded for further administrative proceedings on an open record and agrees with Judge Markovich's reasoning in declining to address or order the ALJ to correct the specific errors Plaintiff alleges. *See* Fed. R. Civ. P. 72(b).

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 29) is **ADOPTED** and this matter is remanded for further administrative proceedings consistent with this Order and Judge Markovich's Report & Recommendation.

. . . .

. . . .

**IT IS FURTHER ORDERED** the Clerk of Court shall docket accordingly and close this action.

Dated this 5th day of January, 2022.

*Scott Rash*
Honorable Scott H. Rash
United States District Judge